IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | **INFORMATION** |
| v. | VIOLATION: |
| CHARLIE RUIZ-RUIZ | 18 U.S.C. § 1956(h) |
| Defendant. | **(ONE COUNT)** |

25-356 (RAM)

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE
### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h)

1. Beginning on a date unknown but continuing through in or about June 1, 2022, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, Charlie Ruiz-Ruiz knowingly and willfully conspired and agreed with other persons known and unknown, to violate 18 U.S.C. § 1956 by conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and the transactions were designed in whole and in part to conceal and disguise the

INFORMATION
United States v. Charlie Ruiz-Ruiz
Page 2

nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Object of the Conspiracy

2. It was an object of the conspiracy to, among other things, engage in financial and monetary transactions with illicit proceeds from the sale of narcotics to conceal the true nature, location, source, ownership, and control of the illicit proceeds.

## Manner and Means of the Conspiracy

3. It was part of the manner and means of the conspiracy to use coded language to communicate in furtherance of the conspiracy.

4. It was further part of the manner and means of the conspiracy that the sale of narcotics in Puerto Rico and elsewhere generated large amounts of illicit proceeds, primarily in the form of low-denomination U.S. currency.

5. It was further part of the manner and means of the conspiracy that the illicit proceeds would at times be bundled, wrapped, and packaged to facilitate its concealment, transportation, and transfer in bulk.

6. It was further part of the manner and means of the conspiracy that the illicit proceeds would be further concealed in luggage and other containers for transport, delivery, and transfer in bulk to other individuals.

7. It was further part of the manner and means of the conspiracy that individuals knowns as "money brokers" would offer "money contracts" to

INFORMATION
United States v. Charlie Ruiz-Ruiz
Page 3

individuals who would, for a fee, receive the illicit proceeds during transactions known as "money pickups."

8. It was further part of the manner and means of the conspiracy that during the money pickups, couriers and recipients would receive coded phrases and "tokens," which were serial numbers of U.S. one-dollar bills, that would allow the counterparties to identify themselves and coordinate the money pickups.

9. It was further part of the manner and means of the conspiracy that the counterparties would meet in public locations in Puerto Rico to execute the money pickups.

10. It was further part of the manner and means of the conspiracy that participants received financial compensation for their involvement in the conspiracy.

All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE NOTICE

11. The allegations in this Information are realleged and incorporated by reference for the purpose of providing notice of forfeitures pursuant to 18 U.S.C. § 982(a)(1).

12. The United States gives notice to the defendant charged in this Information, that upon conviction of the offense alleged in Count One, any property,

INFORMATION
United States v. Charlie Ruiz-Ruiz
Page 4

real or personal, involved in such offense, or any property traceable to such property, is subject to forfeiture under 18 U.S.C. § 982(a)(1).

W. Stephen Muldrow
United States Attorney

_____
Myriam Y. Fernández-González
Assistant United States Attorney
Chief, Money Laundering and Transnational Organized Crime

_____
Daniel J. Olinghouse
Assistant United States Attorney

_____
Camille García-Jiménez
Assistant United States Attorney