## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2025.08.28 13:30:30 -04'00'

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] CHARLIE RUIZ-RUIZ,<br>Defendant. | CRIMINAL NO. 22-232(RAM)<br>& Information 25- 356 (RAM) |

## PLEA AND FORFEITURE AGREEMENT
### Pursuant to Fed. R. Crim. P. 11(c)(1)(B)

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Charlie Ruiz-Ruiz, and Defendant's counsel, Rafael Castro Lang, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to:

#### Count One, Indictment 22-232 (RAM)

Beginning on a date unknown, but no later than in or about the year 2012 and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, **[1] Charlie Ruiz-Ruiz**, did knowingly and intentionally, combine, conspire, and agree with each other, and other diverse persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in

U.S. v. Charlie Ruiz-Ruiz

excess of four hundred (400) grams of a mixture or substance containing a detectable amount of N-phenyl-N (fentanyl), a Schedule II Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & 846.

### Count One, Information 25- 356 (RAm)



From at least in or about the year 2020 and continuing up to and until March 16, 2021, in Puerto Rico, and elsewhere, and within the jurisdiction of this Court, **[1] Charlie Ruiz-Ruiz,** did knowingly combine, conspire, and agree with others, to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h).

### 2. Stipulation as to the Amount of Narcotics

The United States of America and the defendant stipulate and agree that Defendant shall be held accountable for conspiring to possess with intent to distribute at least 1.2 kilograms but less than 4 kilograms of fentanyl, a Schedule II Narcotic Drug Controlled Substance.

### 3. Maximum Penalties

#### Count One, Indictment 22-232 (RAM)

The maximum statutory penalty for the offense charged in Count One, case 22-232 (RAM), is a term of imprisonment that may not be less than ten (10) years and not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or ten million dollars (10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).

#### Count One, Information 25- 356 (RAM)

The maximum statutory penalty for the offense charged in Count One, case 25-356 (RAM), is a term of imprisonment of not more than twenty (20) years; a fine of not more than five hundred thousand dollars ($500,000) or twice the value of the monetary instrument of funds involved in the transportation, transmission, or transfer, whichever is greater, all pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h); and a supervised release term of not more than three (3) years, all pursuant to 18 U.S.C. § 3583.

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any

U.S. v. Charlie Ruiz-Ruiz

discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>Count One, case 22-232 (RAM) and Count One, case 25-<br>21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(vi) and 846; 18 U.S.C. § 1956(h) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(4) at least 1.2 KG but less than 4 KG of Fentanyl | | | | | 32 |
| Aggravating Role pursuant to U.S.S.G. § 3B1.1(c) | | | | | +2 |
| Convicted under § 1956 § 2S1.1(b)(2)(B) | | | | | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **33** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |



- **Both Counts grouped pursuant to U.S.S.G. §§ 3D1.2 and 3D1.3.**

### 9. Sentence Recommendation

As to Count One in case 22-232 (RAM), and Count One in case 25- 356 (RAM) after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the defendant will request a sentence of imprisonment of 144 months, and the government will request a sentence of 168 months of imprisonment

regardless of Defendant's criminal history category. Defendant acknowledges that Count One of case 22-232 (RAM), carries a mandatory sentence of 120 months of imprisonment.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court in total is 168 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea

Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Rafael Castro Lang, Esq., and asserts that counsel has rendered effective legal assistance.

### 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to

U.S. v. Charlie Ruiz-Ruiz

cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously

prosecuted.

## 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 24. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over the following properties:

a. $568,556.00 in US currency seized on February 5, 2021.

b. 2014, gray Porsche Cayenne SUV, PR license plate ICM134, (VIN) WP1AA2A28ELA90824.

c. Apple I-Phone with yellow cover and no visible identification number.

d. Apple I-Phone with black cover and white apple sticker with no visible identification number.

e. Samsung cellular phone with burgundy cover, lm200429; lm2004302a5/ckd with 8GB MICRO SD HC card, ZQL1693&1695 GMN4-1.

f. Apple I-Phone with gray and white cover, model A1522, FCC ID:BCG-E2817A IC:579CE2817A; IMEI: 354393067710039

g. Apple I-Phone with coral cover and black plastic with sticker of letters with no visible identification number.

h. Apple watch series: 4 44m aluminum & ceramic case-ion-glass-GPS-LTE-WR 50m black

i. LG cellular phone with gray cover and white apple sticker, SH1188-3IN120/02-A4, SH1188-GSM-A3, IMEI: 356896-10-049130-8

j. SIM card CLARO with number TF64PSIMC4B 89014103255601601827

k. LG cellular phone with black cover, model LG-M150, s/n 710VTJH257116, IMEI: 353712-09-257116-8

l. Thumb drive Fuji Film black and red colors; 32gb: d57612 0092 d33193 n14939

m. Thumb drive black and white colors: 64gb: 906608BN170125517B

n. Apple iPad white, with pink and gray cover, model: A1893, FCC ID: BCGA1893 IC:579C-A1893, serial: GG7XF4AQJMVR

o. Apple iPad gray, with pink and white cover, model A1432, FCC ID: BCGA1432 IC579C-A1432, serial: F4KK9J5MF193



U.S. v. Charlie Ruiz-Ruiz

p. Acer    laptop    s/n:   NXG4XAA002751237497600,    SN    ID: 75114522576

q. Night Owl DVR recorder, model: DVR-HDA10LB-81-RS 8 Channel H.264 DVR w/1TB HDD FCC No. TCT160126E008C S/N 448A-010520

r. Apple MacBook laptop model a1278, fcc id: qds-brcm1038 ic-4324a-brcm1038 & fcc id: qds-brcm1037 ic-4324a-brcm1037 with 320gb wd drive, recertified wd3200bpkt s/n wx81a43n8323

s. Apple i-Phone XR , black in color with serial number: DX3YJ5L6KXKN and T-Mobile SIM card 8901260203 789195464

t. Multiple jewelry and watches seized on February 5, 2021. Items depicted below:





U.S. v. Charlie Ruiz-Ruiz










U.S. v. Charlie Ruiz-Ruiz



u. Two Cobra 2-Way radio and charger

v. Money counting machine and monitor

w. One digital pocket scale

x. Four pieces of luggage including 2 suitcases and 2 bags

Solely as to the Indictment in Criminal Case 22-232 (RAM) and the Information in Criminal Case 25-356 (RAM), the United States will not pursue forfeiture of any other properties beyond the properties listed above.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may

be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

### 25. Package Plea Provision

Defendant is fully aware that this is a package plea agreement, that is, a Plea

Agreement conditioned upon the guilty plea of the co-defendant Sindiebell Cruz-Valentín. Defendant certifies that Defendant is not entering into this guilty plea because of threats or pressures from any co-defendant. Pursuant to *United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995), package plea agreements require that the District Court be alerted to the fact that co-defendants are entering a package deal so that the District Court can carefully ascertain the voluntariness of each defendant's plea. The parties further agree that should any of the co-defendants withdraw the guilty plea, the United States reserves its right to withdraw from its obligations under the package plea agreement in its entirety.

W. STEPHEN MULDROW
United States Attorney

_____
for Myriam Y. Fernández-González
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 6·25·2025

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 8/25/2025

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 8 25 2025

_____
Daniel J. Olinghouse
Assistant U.S. Attorney
Dated: 8 25 25

_____
Rafael Castro Lang
Counsel for Defendant
Dated: 8/26/25

_____
Charlie Ruiz-Ruiz
Defendant
Dated: 8/26/25

U.S. v. Charlie Ruiz-Ruiz

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: __8/26/25__                    _____
                                     Charlie Ruiz-Ruiz
                                     Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: __8/26/25__                    _____
                                     Rafael Castro Lang
                                     Counsel for Defendant

U.S. v. Charlie Ruiz-Ruiz

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Charlie Ruiz-Ruiz admits that he is guilty as charged in Count One, case 22-232 (RAM) and Count One, case 25-356 (RAM) and admits the following:

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

### Case 22-232 (RAM)

Beginning on a date unknown, but no later than in or about the year 2012 Charlie Ruiz-Ruiz, did knowingly and intentionally, combine, conspire, and agree with diverse persons, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of four hundred (400) grams of a mixture or substance containing a detectable amount of N-phenyl-N (fentanyl), a Schedule II Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance.

The object of the conspiracy was the distribution of wholesale amounts of controlled substances within Puerto Rico for significant financial gain and profit. Throughout the course of the conspiracy, Charlie Ruiz-Ruiz acquired kilogram

quantities of controlled substances from various sources for the purpose of distributing them in Puerto Rico. The controlled substance fentanyl was received through the mail from Mexico and California, USA; the cocaine was received through the mail and by boat from the Dominican Republic; and the marijuana was received through the mail from California, USA.

Charlie Ruiz-Ruiz hired individuals to open mailboxes at United States Post Offices and other private shipping companies in Puerto Rico to receive the parcels containing fentanyl, cocaine, and marijuana for the purpose of distributing them in Puerto Rico. When utilizing the United States Postal Service and other private shipping companies to receive controlled substances, the names used on the parcels would often change to avoid detection of the real recipient. Some of the names used were Sintia Valentin, Ivelisse Alvarez, Carmen Mendoza, Sindie Cruz, Carlos Mendoza, Cintya Valentine, Silvia Rivera, Estela Mendoza, Etela Mendoza and Lidia Rios. The controlled substances were concealed inside objects, covered with wrapping paper and objects on top, to hide the content of the parcels.

For purposes of this plea agreement, Charlie Ruiz-Ruiz admits that he conspired to possess with intent to distribute at least 1.2 kilograms but less than 4 kilograms of fentanyl, a Schedule II Narcotic Drug Controlled Substance. Ruiz-Ruiz also acknowledges that he acted as an organizer, leader, manager, or supervisor in a criminal activity.

U.S. v. Charlie Ruiz-Ruiz

Case 25- 356 (RAM)

Beginning on a date unknown but continuing through in or about June 1, 2022, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, Charlie Ruiz Ruiz knowingly and willfully conspired and agreed with other persons known and unknown, to violate 18 U.S.C. § 1956 by conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Specifically, on May 12, 2022, Defendant communicated with others to arrange the delivery and transfer of approximately $100,000, which was the proceeds of narcotics trafficking. Defendant spoke in coded language and presented a secret phrase and numeric code to confirm his identity as the person who would be delivering the money. The currency was bundled and packaged for concealment and transportation. Defendant delivered the money at a public location and transferred it for the purpose of concealing its nature, source, ownership, location, and control. Defendant knew that the funds were the proceeds of narcotics trafficking.

U.S. v. Charlie Ruiz-Ruiz

At trial, the United States would have proven beyond a reasonable doubt that defendant Charlie Ruiz-Ruiz is guilty as charged in Count One, case 22-232 (RAM) and Count One, case 25-356 (RAM). Discovery was timely made available to Defendant for review.

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: __8 | 25 | 2025__

_____
Rafael Castro Lang
Counsel for Defendant
Dated: _____

_____
Daniel J. Olinghouse
Assistant U.S. Attorney
Dated: __8/25/25__

_____
Charlie Ruiz-Ruiz
Defendant
Dated: __8 / 2 6 / 2 5__